# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Samir A. Aljafari

**DEFENDANTS**
Pep Boys, Ichan Automotive Group, LLC a/k/a Starfire Holdings, and Ichan Enterprises, LP

(b) County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Camden
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Saffren & Weinberg, 815 Greenwood Ave., Ste. 22
Jenkintown, PA 19046 (215) 576-0100

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability / **PERSONAL PROPERTY** | | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | [ ] 362 Personal Injury - Medical Malpractice | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [x] 442 Employment / [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/Accommodations / [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** / [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application / [ ] 465 Other Immigration Actions | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education / [ ] 550 Civil Rights | | | |
| | / [ ] 555 Prison Condition | | | |
| | / [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
42 U.S.C. 2000-1 e-1, et seq (Title VII)
Brief description of cause:
Religious and National Origin Discrimination in Employment

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: August 31, 2021
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

IN THE UNTIED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAMIR A. ALJAFARI<br>7234 Barnard Street, 1st Floor<br>Philadelphia, PA 19149<br>　　　　Plaintiff,<br>　v.<br><br>PEP BOYS<br>314 Haddonfield Road<br>Cheery Hill, NJ 08002<br><br>　　and<br>ICHAN AUTOMOTIVE GROUP, LLC a/k/a<br>STARFIRE HOLDINGS<br>27300 W. 11 Mile Road<br>Southfield, MI 48034<br>　　and<br>ICHAN ENTERPRISES, L.P.<br>767 5th Avenue, Ste. 4700<br>New York, NY 10153<br><br>　　　　Defendants. | Civil Action<br><br>Jury Trial Demanded |

## COMPLAINT

## I. PRELIMINARY STATEMENT

1.　Plaintiff, Samir A. Aljafari brings this action under Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000-1 e-1 *et seq* ("Title VII") for Religion, National Origin and Retaliation, The New Jersey Law Against Discrimination, N.J.S.A. 10:5-12(a), *et seq*, and pursuant to applicable New Jersey common law. Plaintiff seeks equitable relief, compensatory and punitive damages, costs and attorney's fees from Defendants for Defendants' discriminatory practices, retaliation, and other tortuous actions.

1

## II. **JURISDICTION AND VENUE**

2. Jurisdiction over this action is conferred on this Court by 28 U.S.C. §1331, 1343 and 42 U.S.C. §2000 e-5(f).

3. Plaintiff has complied with all jurisdictional prerequisites including those set forth in 42 U.S.C. §2000 e-5 and was issued a Notice of Right to Sue by the Equal Employment Opportunity Commission. (See Exhibit "A").

4. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §1391 and 42 U.S.C. § 2000 e-5.

5. At all times material hereto, Pep Boys, Ichan Automotive Group, LLC and Ichan Enterprises, LP (hereinafter collectively referred to as "Defendants") were "engaged in an industry affecting commerce" within the meanings of §701(a) and 701(b) of Title VII, 42 U.S.C. §2000e.

6. At all times material hereto, Defendants, employed more than 150 employees.

7. At all times material hereto, Defendants, were an "employer" as defined by §701(b) of Title VII, 42 U.S.C. §2000 e.

8. At all times material hereto, Defendants, were an "employer" as defined by the New Jersey Law Against Discrimination.

9. At all times material hereto, Defendants, were an "employer" of Plaintiff as defined by the New Jersey Law Against Discrimination.

10. At all times material hereto, the Defendants' discrimination occurred within the district of this Court, in Cherry Hill, Camden County, New Jersey.

## III. THE PARTIES

11. Plaintiff, Samir A. Aljafari (hereinafter "Aljafari"), is an adult male of who is a Muslim, Jordanian male.

12. Upon information and belief, Defendants operate a Pep Boys automotive service shop, located at 314 Haddonfield Road, Cherry Hill, New Jersey, with a registered address and a principal place of business located at the above-captioned address, wherein Plaintiff was employed.

13. Upon information and belief, Vinny Lemmo (hereinafter "Lemmo"), a Caucasian male, was employed by Defendants and at all times material hereto had the authority to discipline and terminate Aljafari.

14. At all times material hereto, the discrimination enumerated within this Complaint occurred within the Commonwealth of Pennsylvania at Defendants', Pep Boys location in Cherry Hill, New Jersey.

## IV. FACTUAL BACKGROUND

15. Plaintiff was rehired by Defendants on or about November 17, 2020, as a Manager-in-Training, to become a Serivce Manager.

16. At the time of his re-hire, Mr. Aljafai was a manager-in-training, and was unable to run a Pep Boys store without supervision.

17. Mr. Aljafari understood, at the time of his re-hire that he would be needed to run the Frankford Avenue, Philadelphia, PA, Pep Boys location.

18. Mr. Aljafari began his training at the Defendants' Cherry Hill location.

19. On or about December 3, 2020, Lemmo asked for "volunteers" to run the North

3

Broad Street, Philadelphia, PA Pep Boys location. However, it was well known by employees of Pep Boys that the North Broad Street Pep Boys had a significant problem with COVID-19.

20. When no one volunteered to work at the North Broad Street Pep Boys, Lemmo told Ms. Aljafari he must go work at the North Broad Street Pep Boys.

21. Mr. Aljafari voiced his concerns about COVID-19 at the North Broad Street location and the safety of that location, and the fact that he had not yet completed his training.

22. Prior to being told he had to go work at the North Broad Street Store, Mr. Aljafari was repeatedly asked "where are you from" by Lemmo.

23. Mr. Aljafari, who is from Jordan, was the only Arabic employee at the Pep Boys store in Haddonfield.

24. Mr. Aljafari often prayed in his car, up to five times a day, as required of his Muslim faith.

25. Defendants and Lemmo were aware of Mr. Aljafari's religion and national origin.

26. Mr. Aljafari was singled out and targeted based upon his national origin and religion, by Lemmo.

27. Other non-Muslim, non-Arabic employees were not forced to transfer to a COVID-19 infested location.

28. On December 6, 2020, when Mr. Aljafari refused to work at the North Broad Street location, he was told that if he did not go work at the North Broad Street location, Lemmo would consider that his resignation.

29. On December 7, 2020, Plaintiff was terminated by the Defendants, in violation of Title VII and the NJLAD.

30. Mr. Aljafari was treated differently than other employees of the Defendants because of his religion and National Origin.

31. At all times material hereto the harassment, hostile work environment and discrimination to which Mr. Aljafari was subjected was unwelcome, severe and unreasonably altered the condition of his employment.

32. Mr. Aljafari was profoundly upset and affected by the discrimination, harassment and hostile work environment that he was subjected to during the course and scope of his employment.

33. During the course and within the scope of his employment at Defendants, Mr. Aljafari was treated less favorably than similarly situated, non-Muslim and non-Jordanian employees.

34. At all times material hereto, Lemmo aided and abetted the aforementioned harassment, hostile work environment and discrimination to which Plaintiff was subjected.

35. The aforementioned conduct of Defendants and Lemmo was materially adverse and would dissuade a reasonable worker from exercising and/or attempting to exercise their rights and benefits under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000, *et seq.* and the New Jersey Law Against Discrimination.

36. Defendants had a continued need for the work that Plaintiff had been Performing, as evidenced, in part, by Plaintiff's re-hire.

37. Notwithstanding, Plaintiff's complaints and clear indication to Defendants that the aforesaid comments and conduct of Lemmo were unwelcome, unwanted and upsetting, the harassing conduct continued throughout the course of his employment with Defendants.

38. At no time did Defendants, or any of the principles, supervisors, managers, officers, directors, or agents of Defendants, institute an effective grievance procedure designed to eliminate racial discrimination of employees and no reasonable steps were taken to prevent the same in the workplace; and if said policy existed; Defendant failed to follow any requirements of said policy.

39. As a direct and proximate result of Defendants' aforesaid acts and omissions, the hostile work environment which was created thereby, and Defendants' discriminatory practices, Plaintiff:

    (a) was discharged from his employment to his great financial detriment

    (b) was caused pain and suffering, physical injury and a loss of enjoyment of life; and

    (c) suffered severe emotional distress, embarrassment, humiliation and depression.

## COUNT I
## SAMIR A. ALJAFARI V. PEP BOYS, ICHAN AUTOMOTIVE GROUP, LLC A/K/A STARFIRE HOLDINGS, AND ICHAN ENTERPRISES, L.P.
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. 2000 *et seq*

40. Plaintiff hereby incorporates by reference all of the aforementioned allegations set forth above.

41. The conduct of Defendants and Lemmo's treatment of Plaintiff in his employment violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000, *et seq* as Plaintiff's harassment, hostile work environment, retaliation and discrimination was based upon his Religion and National Origin.

WHEREFORE, Plaintiff, Samir A. Aljafari, demands judgment against Defendants, Pep Boys, Ichan Automotive Group, LLC a/k/a Starfire Holdings, and Ichan Enterprises, L.P., including:

(a) A declaration that Defendants' actions as described herein violated Title VII of the Civil Rights Act of 1964;

(b) equitable and declaratory relief requiring Defendants, to institute sensitivity and other training for all managers, employees and supervisors to prevent racial harassment and discrimination and retaliation in the workplace;

(c) equitable and declaratory relief requiring Defendants, to institute and enforce a specific policy and procedure for investigating and preventing complaints relating to racial harassment and discrimination and retaliation;

(d) equitable and declaratory relief requiring the posting of notices on the premises so that employees will know and understand their rights and remedies, including official company policy;

(e) compensatory damages for Plaintiff's loss of past and present future income and benefits, pain and suffering inconvenience, embarrassment, emotional distress and loss of enjoyment of life;

(f) punitive damages;

(g) payment of interest and Plaintiff's attorney's fees and costs associated with bring the claim; and

(h) such other relief as this Court may deem appropriate under the circumstances.

## COUNT II

# SAMIR A. ALJAFARI V. PEP BOYS, ICHAN AUTOMOTIVE GROUP, LLC A/K/A STARFIRE HOLDINGS, AND ICHAN ENTERPRISES, L.P.
## VIOLATION OF NEW JERSEY LAW AGAINST DISCRIMINATION, N.J.S.A. 10:5-12(a), et seq.

42. All aforementioned paragraphs are incorporated by reference as if fully set forth at length herein.

43. The conduct of Defendants' treatment of Plaintiff in his employment violated the New Jersey Law Against Discrimination, N.J.S.A. 10:5-12(a), *et seq*, as Plaintiff's harassment, hostile work environment, retaliation and discrimination was based upon his Religion and National Origin.

44. Defendants' employment practices deprived Plaintiff of equal employment opportunities and otherwise affected his status as an employee because of his Religion and National Origin.

45. As a direct and proximate result of Defendants' actions, conduct and omissions, Plaintiff has suffered the injuries and damages set forth herein past and future earnings, income, benefits, and opportunities as well as pain and suffering, severe emotional distress, mental anguish, embarrassment and a loss of enjoyment of life's pleasure.

WHEREFORE, Plaintiff, demands judgment against Defendants, including: for compensatory damages, including but not limited to front and back pay, equitable relief such as reinstatement to rightful place, retroactive relief such as seniority and entitlement, injunctive relief including but not limited barring future discriminatory conduct; attorneys' fees, interest, costs of suit, and such other and further relief as may be provided by statute and as this Court deems just.

                                    **Respectfully submitted,**

                                    **SAFFREN & WEINBERG**

                                    **BY:**_____
                                    **MARC A. WEINBERG, ESQUIRE**
                                    **Atty. I.D. No.: 60643**
                                    **815 Greenwood Avenue, Suite 22**
                                    **Jenkintown, PA 19046**
                                    **(215) 576-0100**
                                    **mweinberg@saffwein.com**

**Dated:**

# EXHIBIT A

EEOC Form 161 (11/2020) **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Samir A. Aljafari<br>7234 Barnard Street, 1st Floor<br>Philadelphia, PA 19149 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1000<br>Philadelphia, PA 19107 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2021-01774 | Legal Unit,<br>Legal Technician | (267) 589-9707 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_Dana R. Hutter_   6/7/2021

Enclosures(s)    Dana R. Hutter,    *(Date Issued)*
Deputy Director

cc:  Kate Arduini Blumenthal, Esq.         Marc A. Weinberg, Esq.
     ICAHN AUTOMOTIVE GROUP LLC            SAFFREN & WEINBERG
     112 Townpark Drive NW, Suite 300      815 GREENWOOD AVENUE, SUITE 22
     Kennesaw, GA 30144                    Jenkintown, PA 19046

Enclosure with EEOC
Form 161 (11/2020)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *issued* to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice *and* within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do *not* relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***